# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-CV-03385-MDH** |
| | ) | |
| **VICTOR SIEGRIST** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation. (Doc. 7). Defendant has waived the statutory period of time to file objections and the matter is now ripe for review. In 2017, Defendant was arrested and charged for bank larceny. The United States District Court for the Northern District of Oklahoma determined he was not competent to stand trial and was subject to 28 U.S.C. § 4246. Defendant has been hospitalized at the United States Medical Center for Federal Prisoners since January 5, 2018. On December 11, 2018, the Government filed a Petition to Determine Present Mental Status of an Imprisoned Person pursuant to 18 U.S.C. § 4246. (Doc. 1). That same day, the Government moved for the conditional release of the Defendant. (Doc. 2).

A Risk Assessment Review Panel at the USMCFP diagnosed Defendant with schizoaffective disorder, bipolar type. (Doc. 1-2 at 2). The Panel in their report noted that Defendant has a history of instability in the community, non-compliance with treatment, and dangerous behaviors because of his mental illness. *Id.* As a result, the Panel recommended that he be civilly committed under 28 U.S.C. § 4246 because his unconditional release would create a substantial risk of bodily injury to another person or serious damage to property of another. *Id.*

However, the Panel also concluded that despite their recommendation of civil commitment, Defendant's mental illness is "reasonably well controlled through antipsychotic and mood stabilizing medicine" and that he is an appropriate candidate for conditional release under a prescribed regimen of care. *Id.* The Panel believes that the risk of Defendant engaging in further violent or dangerous behavior has been and would continue to be mitigated through medication compliance. *Id.*

After careful consideration of both the record and the Report and Recommendation, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge. Defendant is hereby **COMMITTED** to the custody of the Attorney General for hospitalization and treatment pursuant to 28 U.SC. § 4246. Furthermore, the Government's Motion for Conditional Release is **GRANTED**, and Defendant shall be conditionally released pursuant to the following conditions:

1. That he reside at 319 Court Street, Muskogee, Oklahoma. Any change in residence must be pre-approved by U.S. Probation.

2. That he be supervised by U.S. Probation.

3. That he actively participate in, and cooperate with a regimen of mental health care and case management as directed by the treating mental health provider. This is to include voluntary admission to an inpatient program for stabilization, should it be deemed necessary.

4. That he shall continue to take medication, including injectable units, as shall be prescribed for him by the medical provider.

5. That he waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer

and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

6. That he shall refrain from the use of alcohol and illegal drugs, as well as the abuse of over-the-counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the probation officer. This also includes participating in substance abuse treatment as deemed necessary by the treatment provider.

7. That he not have in his possession, at any time, actual or imitation firearms or other deadly weapons and he may not write, say or communicate threats. He shall submit to a warrantless search on request of his U.S. Probation Officer or any law enforcement officer of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband.

8. That he not commit a federal, state, or local crime, and that he immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He shall not associate with any person convicted of a felony unless granted permission to do so from his U.S. Probation Officer.

Annual reports will be written by the U.S. Probation Office regarding the status of his conditional release. The report should be submitted to the Legal Department at USMCFP Springfield, Missouri, for filing with the Court.

**IT IS SO ORDERED**.


DATED: February 6, 2019

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**